JOSEPH J. VITALE AND ALICE B. VITALE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Vitale v. Commissioner
Docket No. 1618-79.
United States Tax Court
T.C. Memo 1982-459; 1982 Tax Ct. Memo LEXIS 289; 44 T.C.M. (CCH) 743; T.C.M. (RIA) 82459; August 5, 1982. *289 Petitioner was an employee of Penn Central, earning $18,868.91 in 1974. On occasional weekends, petitioner also performed work for the P.J. Polinsky Construction Company doing track repair. He received a Form 1099 MISC for 1974 from Polinsky Construction indicating he was paid $2,624 during 1974. Petitioner reported this amount on his tax return for that year. Thereafter, the Internal Revenue Service received a Form 1099 MISC from Polinsky Construction which showed petitioner had received income of $18,631 during 1974. Respondent determined a deficiency in tax based on the latter amount. Held, petitioner earned only $2,624 from Polinsky Construction in 1974; any excess paid to him was distributed to workers under his supervision for their services and is not properly taxable to him. Joseph J. Vitale, pro se. Thomas J. Stalzer, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: By notice of deficiency dated December 4, 1978, respondent determined a deficiency of $5,736.80 in petitioners' Federal income tax for the taxable year 1974. The sole issue presented for decision in this case is whether certain payments received by petitioner Joseph J. Vitale from the P.J. Polinsky Construction Company during 1974 represent additional income to petitioners for that year. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, supplemental stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioners Joseph J. Vitale and his wife, Alice B. Vitale, resided in Niles, Ohio at the time of filing *291 the petition herein. Alice B. Vitale is a party to this proceeding solely by reason of her filing a joint income tax return with Joseph J. Vitale (hereinafter petitioner). They filed their Federal income tax return for the taxable year 1974 with the Office of the Director, Internal Revenue Service. During the year in question, petitioner was employed by Penn Central Transportation Company as a track and switch inspector. In this capacity, petitioner worked approximately 60 hours a week, 20 of which were overtime. His total wages from Penn Central during 1974 were $18,868.91. This amount was reported by petitioner on his return. In addition to the work he performed for Penn Central, petitioner worked on some weekends for the P.J. Polinsky Construction Company, Inc. (hereinafter Polinsky Construction) doing track repair work inside the facilities of General Motors. Petitioner estimated that, over the course of the year, he worked approximately 2 to 3 months' worth of weekends. He seldom worked more than an 8-hour day in this second job in which he earned $9 an hour. When weekend work was required, Mr. Polinsky of Polinsky Construction would contact petitioner. Thereafter, *292 petitioner would contact a number of other persons to help him complete the requested work. Petitioner acted as foreman during the weekend projects and was the only party to have direct contact with Mr. Polinsky. Petitioner kept a record of the number of hours worked by each employee. These intermittently were presented to Mr. Polinsky, who would write a check drawn on the company account to petitioner in the amount owed to the entire working staff. Petitioner then cashed the check and distributed the proceeds to the employees that he supervised, retaining the portion of the proceeds that were in compensation for his own services. Petitioner received a Form 1099 for miscellaneous income for 1974. The form indicates that petitioner was paid $2,624 by Peter J. Polinsky. This amount was reported on his income tax return for that year. Thereafter, the Internal Revenue Service received a Form 1099 MISC from the P.J. Polinsky Construction Company which showed that petitioner received income of $18,631 during 1974. [1] This amount was not reported on petitioner's income tax return for that year. Petitioner did not receive the second Form 1099 MISC. *293 At its original setting the trial was continued to allow petitioner to seek substantiation of payments to the workers under his supervision. Upon being informed that the statute of limitations prevented the IRS from proceeding against any of the named individuals, petitioner invulged the names of a number of people and amounts paid to them. [2]
Petitioner made a wholehearted effort to verify this stream of payments. However, he was frustrated in this endeavor. For example, Peter J. Polinsky was shot and killed in 1975. Petitioner also contacted the bookkeeper for Mr.Polinsky during 1974 to no avail. His attempts to obtain the books of Polinsky Construction for the year at issue have been repulsed by that company. In his notice of deficiency, respondent adjusted petitioner's *294 taxable income by an increase of $18,631, the full amount indicated on the Form 1099 received from the P. J. Polinsky Construction Company. On brief, respondent has conceded that $4,960 of this amount should not be taxed to petitioner. [3]
OPINION The sole issue for our decision is whether petitioner received, as compensation for services rendered, the $18,631, or any portion thereof, that was shown as income to him on the Form 1099 MISC that was submitted to the Internal Revenue Service by Polinsky Construction in 1974. The issue is a factual one, hinging predominantly upon petitioner's credibility. If it is found that he received compensation from the company in excess of the amount reported by him, it is clear that such amount must be included in his taxable income for the year in question under section 61(a)(1), I.R.C. 1954. At the first hearing of this case on November 29, 1979, petitioner explained that he received monies from Polinsky Construction for distribution *295 among the workers under his supervision. He stated that a portion of the monies received was retained by him as compensation for his labor. He claimed that the amount so retained was the amount indicated upon the Form 1099 MISC received by him and submitted to the IRS. This amount, $2,624, was reported by petitioner on his income tax return for 1974. We have found that petitioner, at the second hearing on October 26, 1981, gave the names of the persons under his supervision during 1974 to whom he made payments. He did this after being made award that the statute of limitations prevented the IRS from taking any action against them. The amount which petitioner stated was paid to each of the individuals named was substantiated in four instances by affidavit of the individuals. With respect to the remaining amounts alleged at trial to have been distributed, we believe petitioner. This still leaves a discrepancy of almost $7,000. Petitioner stated that he received no such amount. It is quite clear to this Court that petitioner did not receive wages of $18,631 from Polinsky Construction as indicated on the Form 1099. Respondent concedes that some of the alleged income was transferred *296 to respective wage earners by petitioner and that therefore such amounts do not constitute income to petitioner. However, because petitioner was unable to account for the distribution of the entire $18,631, respondent insists that the excess is taxable to him. We disagree. The now undisputed fact that petitioner paid out a large portion of the funds initially alleged to have been received by him as income undermines the evidentiary force of the Form 1099 received by the IRS from Polinsky Construction. Petitioner made very effort to account for the amounts distributed. He attempted throughout the course of this proceeding to obtain the books of the payor company and elicit the testimony of the accountant for that company. His efforts in this respect were frustrated by factors beyond his control. Respondent cannot be heard to argue that petitioner has failed to keep adequate records substantiating the payments. In distributing the funds to his co-workers, petitioner merely acted as an agent for the contractor hiring him. He kept adequate records of the amounts received by him as compensation. Since he retained and submitted his Form 1099 to the IRS, the submission of the other *297 Form 1099 which gave rise to this dispute certainly puts him in a vulnerable position, as it would anybody. Respondent's case is based entirely upon the second Form 1099. He believe that petitioner has refuted respondent's determination that he received any income in excess of the amounts reported by him on his 1974 income tax return. [4]
Accordingly, Decision will be entered for the petitioner.
Footnotes
1. Respondent did not place a copy of this form in evidence.↩
2. These were as follows: Frank Osco, $1,325; John W. Moetz, $1,000; James Davis, $1,200; D. R. Pifer, $1,285; Frank Raschella, Jr., $150; Mark Lane, $1,200; Joe Vitale, $500; Ted Vitale, $300; Perry Vitale, $600; Frank York, $200; Mike Carney, $200; Ed Piffer, $1,200; and Mr. Piffer's brother, $200. The total amount accounted for, including the income reported by petitioner on his return, was $11,984.↩
3. This was the total amount verified by affidavits from named recipients of cash payments made by petitioner. Respondent maintains that the remaining $13,671 constitutes additional income to petitioner.↩
4. The bottom-line result would be the same if the entire amount was income to petitioner since he would get an offsetting deduction for the payments to others. Sec. 162(a).↩